**No. 25-11324**

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

In re Cheryl Butler; Ezra Ishmael Young,

Petitioners

---

**Original Proceeding from**
United States District Court for the
Northern District of Texas—Dallas Division
No. 3:18-CV-00037-E

---

# RESPONSE TO PETITION FOR WRIT OF MANDAMUS

---

Robin G. Shaughnessy
Texas Bar No. 24012713
robin.shaughnessy@troutman.com
Aaron S. Nava
Texas Bar No. 24134375
aaron.nava@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
8141 Walnut Hill Lane, Suite 1000
Dallas, Texas 75231-4388
Telephone: (214) 369-2358
Telecopier: (214) 369-2359

***Attorneys for Respondents***
***Jennifer M. Collins, Steven M. Currall, Roy P. Anderson,***
***Julie P. Forrester, Harold Stanley, and Paul Ward***

**No. 25-11324**

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

In re Cheryl Butler; Ezra Ishmael Young,

Petitioners

---

**Original Proceeding from**
United States District Court for the
Northern District of Texas—Dallas Division
No. 3:18-CV-00037-E

---

## CERTIFICATE OF INTERESTED PERSONS

---

Pursuant to 5th Circuit Rules 21 and 28.2.1, the undersigned counsel of record certifies that the following list of persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| **Petitioners:** | Cheryl Butler<br>Ezra Ishmael Young |
| **Trial and Appellate Counsel for Cheryl Butler:** | Ezra Ishmael Young<br>Law Office of Ezra Young |
| **Trial Counsel for Cheryl Butler:** | John L. Green<br>Law Office of John L. Green |
| **Respondents:** | Jennifer M. Collins<br>Steven C. Currall<br>Roy P. Anderson<br>Julie P. Forrester<br>Harold Stanley<br>Paul Ward |
| **Appellate Counsel for Respondents:** | Kirsten M. Castañeda<br>ALEXANDER DUBOSE & JEFFERSON LLP |
| **Trial Counsel for Respondents:** | Robin G. Shaughnessy<br>Aaron S. Nava<br>TROUTMAN PEPPER LOCKE LLP |
| **Former Trial Counsel for Respondents:** | Kim J. Askew<br>Mallory Toby Biblo<br>Maria A. Garrett<br>DLA PIPER, LLP (US) |
| **Trial-Court Judge:** | The Honorable Ada Brown |

*/s/ Kirsten M. Castañeda*
Kirsten M. Castañeda
Counsel for Respondents

## Statement Regarding Oral Argument

Oral argument is unnecessary in this mandamus proceeding. Should the Court desire oral argument, Respondents request the opportunity to participate.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons .......... ii

Statement Regarding Oral Argument .......... iv

Table of Contents .......... v

Table of Authorities .......... viii

Mandamus Standards .......... 1

Response to Petitioners' Statement of Facts .......... 2

Summary of the Argument .......... 7

Argument .......... 9

I. Petitioners have not established the requirements for issuance of a writ of mandamus. .......... 9

A. The district court has not premised any order on a hypothetical future decision not to recuse. (Issue No. 1) .......... 9

B. The Court's mandate did not address any of the issues Petitioners challenge. .......... 9

1. Butler did not appeal the district court's earlier determination that Young engaged in sanctionable conduct. (Issues No. 2 and 4) .......... 10

2. The mandate does not address enforcement of Local Civil Rule 83.10 or sealing documents. (Issues No. 2 through 4) .......... 12

3. The mandate did not require the district court to immediately consider recusal *sua sponte*. (Issues No. 1 through 5) .......... 14

**TABLE OF CONTENTS** (*cont'd*)

Page

C. Even if considered separately from the mandate, the district court's rulings do not meet the standards for mandamus relief. .......... 17

1. Show-cause order to determine appropriate sanction (Issue No. 2) .......... 17

2. Order revoking permission to appear *pro hac vice* (Issue No. 4) .......... 21

a. Petitioners have not shown a clear and indisputable violation of due process. .......... 22

b. Petitioners have not established that they cannot obtain an adequate remedy by other means. .......... 25

c. Petitioners have not established the propriety of mandamus relief when Butler failed to challenge the sanctions determination in the previous appeal. .......... 26

3. Enforcement of Local Rule 83.10 (Issues No. 2 and 4) .......... 27

4. The sealing order (Issue No. 3) .......... 29

II. Petitioners have not shown a basis in this proceeding for an order reassigning the case or prescribing the manner in which the district court should consider recusal on remand. (Issue No. 5) .......... 31

A. Petitioners have not established a right to an order restricting the manner in which the district court is considering and deciding the recusal issue on remand. .......... 31

B. Petitioners have not established a right to reassignment. .......... 33

# TABLE OF CONTENTS (*cont'd*)

Page

Conclusion ........ 35

Certificate of Service ........ 37

Certificate of Compliance ........ 38

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Aetna Life Ins. Co. v. Stokes*,
252 F.3d 383 (5th Cir. 1958) .......... 6

*Atlanta & St. A.B. Ry. Co. v. Barnes*,
95 F.2d 273 (5th Cir. 1938) .......... 16

*Butler v. Collins*,
No. 23-10072, 2025 WL 1753612 (5th Cir. June 25, 2025) (per curiam) (not designated for publication) .......... 1, 3, 11, 13, 14, 15, 16, 19, 31, 33, 35

*In re Chamber of Commerce of United States of Am.*,
105 F.4th 297 (5th Cir. 2024) .......... 4

*Chambers v. NASCO, Inc.*,
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) .......... 20

*Chapman v. Nat'l Aeronautics & Space Admin*,
736 F.2d 238 (5th Cir. 1984) .......... 10

*Cheney v. U.S. Dist. Court for D.C.*,
542 U.S. 367, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) .......... 2, 25

*In re DaimlerChrysler Corp.*,
294 F.3d 697 (5th Cir. 2002) .......... 34, 35

*In re Depuy Orthopædics, Inc.*,
870 F.3d 345 (5th Cir. 2017) .......... 2, 25

*Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*,
121 F.R.D. 284 (N.D. Tex. 1988) .......... 17, 18, 20, 21, 22

*In re Franchise Servs. of N. Am., Inc.*,
891 F.3d 198 (5th Cir. 2018) .......... 7, 33

*Franklin v. Regions Bank*,
125 F.4th 613 (5th Cir. 2025) .......... 9, 10, 11, 12, 14, 15

**TABLE OF AUTHORITIES** (*cont'd*)

Page(s)

*In re Gee*,
941 F.3d 153 (5th Cir. 2019) ....................1, 2, 22, 26, 29, 31

*Goodman v. Simonds*,
61 U.S. 343 (1857) ....................6

*Matter of Highland Capital Mgmt., L.P.*,
105 F.4th 830 (5th Cir. 2024) ....................20

*Hodgson v. H. Morgan Daniel Seafoods, Inc.*,
433 F.2d 918 (5th Cir. 1970) ....................7

*June Med. Servs., L.L.C. v. Phillips*,
22 F.4th 512 (5th Cir. 2022) ....................30

*Laycock v. Hidalgo Cnty. Water Ctrl. & Imp. Dist. No. 12*,
142 F.2d 789 (5th Cir. 1944) ....................30

*Liteky v. U.S.*,
510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ....................14

*Mathews v. Eldridge*,
424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ....................14

*Meadaa v. K.A.P. Enters, L.L.C.*,
756 F.3d 875 (5th Cir. 2014) ....................10, 26

*Merriman v. Sec. Ins. Co.*,
100 F.3d 1187 (5th Cir. 1996) ....................24

*Moore v. Chesapeake & O. Ry. Co.*,
340 U.S. 573, 71 S.Ct. 428, 95 L.Ed. 547 (1951) ....................6

*Morrow v. Meehan*,
258 F. App'x 492 (3d Cir. 2007) ....................32

*In re Parish*,
81 F.4th 403 (5th Cir. 2023) ....................1, 26

**TABLE OF AUTHORITIES** (*cont'd*)

Page(s)

*Preiser v. Newkirk*,
422 U.S. 395, 95 S.Ct. 2330 .......... 33

*In re Ray*,
951 F.3d 650 (5th Cir. 2020) .......... 21

*Ricard v. Williams*,
20 U.S. 59 (1822) .......... 16

*Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*,
79 F.4th 512 (5th Cir. 2023) .......... 11, 26

*Tollett v. City of Kemah*,
285 F.3d 357 (5th Cir. 2002) .......... 18, 19, 20

*U.S. v. Jordan*,
49 F.3d 152 (5th Cir. 1995) .......... 15

*U.S. v. Soto*,
566 F. App'x 363 (5th Cir. 2014) .......... 21

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
913 F.3d 443 (5th Cir. 2019) .......... 30

*White v. Apollo Grp.*,
163 F. App'x 255 (5th Cir. 2005) .......... 10

**Rules**

Fed. R. App. P. 21(a)(2)(C) .......... 3, 4

Fed. R. Civ. P. 11 .......... 17, 18, 22, 24

Fed. R. Civ. P. 15 .......... 7

Fed. R. Civ. P. 37 .......... 18

Fed. R. Evid. 801, 802 .......... 4

## TABLE OF AUTHORITIES (*cont'd*)

Page(s)

Fed. R. Evid. 901 ....................................................................................4

N.D. Tex. Loc. Civ. R. 7.1(e) ....................................................................5

N.D. Tex. Loc. Civ. R. 7.1(f) ....................................................................5

N.D. Tex. Loc. Civ. R. 83.10 ............................................ 7, 12, 13, 27, 28, 29

N.D. Tex. Loc. Civ. R. 83.10(a) ................................................................12

## MANDAMUS STANDARDS

Petitioners seek relief from district court orders issued in the course of further proceedings after this Court's remand of certain claims. *See Butler v. Collins*, No. 23-10072, 2025 WL 1753612, at *1, 2 (5th Cir. June 25, 2025) (per curiam) (not designated for publication). Petitioners request two forms of relief: (1) a writ of mandamus directing the Northern District to vacate orders revoking Young's *pro hac vice* admission and requiring a joint status report; and (2) an order requiring either (a) reassignment of this case on remand to a different district court judge or (b) the current district court judge to stay all deadlines, immediately consider Butler's motion for recusal, and issue a written opinion thereon that is unsealed. Petition:3-4.[1]

"Mandamus is an extraordinary form of relief saved for the rare case in which there has been a 'usurpation of judicial power' or a 'clear abuse of discretion.'" *In re Parish*, 81 F.4th 403, 406 (5th Cir. 2023). Three conditions must be satisfied before it may issue. *In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019).

- First, the petitioner must have no other adequate means to attain the requested relief.
- Second, the petitioner must show that his right to the writ is clear and indisputable.

[1] "Petition" references the Petition filed with and accepted by the Court (Dkt.2).

- Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Id.* (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004)).

An ordinary appeal is the usual adequate remedy. *In re Depuy Orthopædics, Inc.*, 870 F.3d 345, 353 (5th Cir. 2017). For an appeal not to supply an adequate remedy, "there must be 'some obstacle to relief beyond litigation costs that renders obtaining relief not just expensive but effectively unobtainable.'" *Id.* The "'hardship that may result from delay'—such as the risk of substantial settlement pressure" also does not render an appeal inadequate. *Id.*

A clear and indisputable right to issuance requires "'more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion.'" *Depuy*, 870 F.3d at 350-51. If an issue is committed to the district court's discretion, a clear and indisputable right to issuance of the writ will arise "'only if the district court has clearly abused its discretion, such that it amounts to a judicial usurpation of power.'" *Gee*, 941 F.3d at 158.

## RESPONSE TO PETITIONERS' STATEMENT OF FACTS

Respondents hereby respond to several incorrect or otherwise objectionable aspects of Petitioners' Statement of Facts not addressed in the Argument.

Allegations having no bearing on this proceeding. The Statement of Facts discusses allegations Butler asserted for the first time either in her rehearing petition in the previous appeal or on remand in her motion to recuse. *See* Petition:6 (citing motion to recuse); *Butler v. Collins*, No. 23-10072, Petition for Panel Rehearing by Plaintiff-Appellant Cheryl Butler at 20-21. The Court denied Butler's petition for panel rehearing. *Butler v. Collins*, No. 23-10072, Order on Petition for Rehearing (5th Cir. July 22, 2025). The motion to recuse remains pending. *See* Pet.App.v1.72-73; N.D. Tex. Loc. R. 71(e), (f). These allegations have no bearing on the Petition's determination.

Inclusion of unfiled materials in Petitioners' Appendix. The Statement of Facts cites various documents included in Petitioners' Appendix that were not filed in the district court. *See, e.g.*, Petition:8 (citing four unfiled e-mails at Pet.App.v3.1-4), 13 (citing a voicemail "transcript" and unfiled e-mail at Pet.App.v3.5-8); *see also* Pet.App.v3.6, 9-13 (comprising three additional unfiled e-mails). The mandamus record consists of "any order or opinion or parts of the record that may be essential to understand the matters" to be determined. *See* Fed. R. App. P. 21(a)(2)(C). These unfiled materials are not orders, opinions, or parts of the record. *See id.*

In addition, because these materials were not before the district court, they cannot supply a basis on which to conclude that the district court clearly abused its

discretion. The district court could not have relied on the unfiled materials in making any findings or conclusions, nor could it have misapplied the law to the unfiled materials. *See In re Chamber of Commerce of United States of Am.*, 105 F.4th 297, 311 (5th Cir. 2024). The unfiled materials have no other relevance and, thus, are not essential to understanding the issues presented.[2] *See* Fed. R. App. P. 21(a)(2)(C).

Characterization of deadlines imposed by November 5 order. The Statement of Facts asserts that the district court's November 5, 2025 order ("November 5 order") imposed "rapid, overlapping briefing deadlines…." Petition:11. The Court may assess whether the deadlines in the November 5 order progressed in an orderly fashion and were reasonably timed:

- November 19 deadline for Petitioners to file a response to the district court's show-cause order (Pet.App.v1.76) – Young filed a response on November 19 without objection to the deadline (Pet.App.v1.88, 94).
- November 26 deadline for Butler to file a motion to recuse, if desired (Pet.App.v1.72) – Butler filed a motion to recuse on November 26 without objection to the deadline (Pet.App.v1.126, 130).

[2] The "transcript" of a purported voicemail appears to have been generated on a cell phone. *See* Pet.App.v3.5. None of the unfiled materials is a certified copy, verified, or otherwise authenticated. *See* Fed. R. Evid. 901. All of the unfiled materials appear to be inadmissible hearsay. *See* Fed. R. Evid. 801, 802. For each of these reasons, Respondents further object to consideration of the unfiled materials.

- December 12 deadline for parties to meet and confer and file a joint status report (Pet.App.v1.67) – The district court later granted Butler's unopposed motion to extend this deadline to no later than ten business days after the Court rules on the mandamus petition (Res.App.53-55).
- December 17 deadline for Respondents to file a response to Butler's motion to recuse (Pet.App.v1.72) – This deadline comports with Northern District Local Civil Rule 7.1(e). *See id.*
- December 31 deadline for Butler to file a reply in support of the motion to recuse (Pet.App.v1.73) – This deadline comports with Local Rule 7.1(f). *See id.* If Butler were to move to extend this deadline commensurate with the joint-status-report deadline, Respondents would not oppose that requested relief. *See* Argument §II(A).

Assertions of "suggestions" in November 5 order. The Statement of Facts also asserts the November 5 order includes "the suggestion that no further discovery is permitted…." Petition:11. On the contrary, the November 5 order provides for a joint status report encompassing an extensive "proposed discovery plan." *See* Pet.App.v1.68-69 (¶¶13(A)-(Q) and 14-16). The district court noted that some discovery on the remanded claims may have been completed in the past, so the parties should not view the order as preemptively "requiring full discovery" on the remanded claims. *Id.* at 68 n.1.

Similarly, the Statement of Facts asserts that the November 5 order includes "the suggestion that…Judge Brown would not recuse." Petition:11. Quite the opposite, the November 5 order acknowledges the Court's opinion regarding

consideration of recusal on remand and sets a schedule for filing a recusal motion and briefing. Pet.App.v1.72.

Characterization of revocation of *pro hac vice* permission as "sua sponte." The Statement of Facts characterizes the district court's revocation of permission for Young to appear *pro hac vice* in this proceeding as issued "sua sponte…." Petition:14. In fact, the November 5 order required Butler and Young to show cause as to whether the district court should vacate its order permitting Young to appear *pro hac vice*. Pet.App.v1.76 (¶1). The order afforded Butler and Young the opportunity to file a response. *Id.* (¶1). Young filed a response "in compliance with" the order (Pet.App.v1.94), and thereafter, the trial court revoked *pro hac vice* permission. Pet.App.v1.31 (Doc. 211 (Nov. 26, 2025)).

Speculation regarding Respondent's previous trial counsel. The Statement of Facts includes unsupported speculation regarding Respondent's previous trial counsel, Kim Askew. Petition:15-16. Speculation is not evidence. *See Moore v. Chesapeake & O. Ry. Co.*, 340 U.S. 573, 578, 71 S.Ct. 428, 95 L.Ed. 547 (1951) ("[s]peculation cannot supply the place of proof"); *Goodman v. Simonds*, 61 U.S. 343, 360 (1857) ("[m]ere speculative inferences are never allowable, and cannot be regarded as evidence"); *Aetna Life Ins. Co. v. Stokes*, 252 F.3d 383, 386 (5th Cir. 1958) (settled law holds that theory and speculation cannot serve as evidence). To

the extent this speculation is offered in connection with a "proposed amendment to add a claim for fraud on the court" (*see* Petition:14), such amendment has not been made nor has leave been sought to do so. *See* Pet.App.v1.30-31; Fed. R. Civ. P. 15; *see also* Pet.App.v1.67 (including among items for joint status report "a proposed time limit to amend the pleadings"). Any advisory opinion in that regard would exceed the Court's jurisdiction. *See In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 205 (5th Cir. 2018) (regarding prohibition against advisory opinions); *Hodgson v. H. Morgan Daniel Seafoods, Inc.*, 433 F.2d 918, 920 (5th Cir. 1970) (same).

"Prejudice Established" section. Finally, the section titled "Prejudice Established" is almost entirely argument. *See* Petition:16. As to the statement that the district court had not issued an order explaining the basis for its revocation ruling (*see id.*), the district court subsequently did so. Res.App.46-52. Petitioners filed a notice of that order on December 8, 2025. *In re Butler*, No. 25-11324, Notice (filed Dec. 8, 2025).

## SUMMARY OF THE ARGUMENT

Petitioners contend mandamus should issue based on violations of the letter and spirit of the Court's mandate. But the Court's mandate does not address many of the issues on remand—*e.g.*, appropriate sanctions moving forward, application of Local Civil Rule 83.10, and sealing of certain filings—about which Petitioners

complain. Nor does the Court's mandate require the district court to consider recusal immediately on remand *sua sponte*.

The district court moved forward on remand to consider recusal. Butler's recusal motion was filed on November 26, 2025. Response and reply briefing is ongoing. The record does not support Petitioners' contention that the district court has violated the mandate. Nor have Petitioners demonstrated that any of the challenged rulings otherwise meet the requirements for issuing a writ of mandamus.

In addition to mandamus relief, Petitioners request an order that either reassigns the case or requires the district court to stay all deadlines, immediately determine whether recusal is necessary, and issue a written, unsealed opinion. There are no deadlines pending other than recusal briefing, which has not concluded. There is no basis on which to require the district court to determine the November 26 recusal motion "immediately" or to issue an advisory opinion on the manner in which the district court should issue its ruling. Nor have Petitioners established a basis to reassign the case.

The mandamus petition should be denied.

## ARGUMENT

### I. Petitioners have not established the requirements for issuance of a writ of mandamus.

#### A. The district court has not premised any order on a hypothetical future decision not to recuse. (Issue No. 1)

In the first issue presented, Petitioners contend that the Northern District violated the letter and spirit of the Court's mandate by entering orders on remand premised on an eventual decision not to recuse, in defiance of the mandate. Petition:4 (Issue No. 1). However, Petitioners have not established that any order on remand is "premised on an eventual decision not to recuse." On the contrary, the November 5, November 17, and December 1, 2025 orders expressly contemplate consideration of a motion to recuse, response, and reply. *See* Pet.App.v1.72-73, 78, 80. And the November 26, 2025 order did not mention or address recusal. *See* Pet.App.v1.31. Nor did it preclude Butler's remaining counsel (Green) from filing her motion to recuse. *See id.*

Issue No. 1 does not support mandamus relief.

#### B. The Court's mandate did not address any of the issues Petitioners challenge.

The mandate rule requires a district court on remand to effect this Court's mandate and do nothing else. *Franklin v. Regions Bank*, 125 F.4th 613, 630 (5th Cir. 2025). The mandate rule is a corollary of the law of the case doctrine, which

precludes reexamination of legal issues decided expressly or by necessary implication on appeal. *Id.*; *Chapman v. Nat'l Aeronautics & Space Admin*, 736 F.2d 238, 241 (5th Cir. 1984). The mandate rule thus "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Franklin*, 125 F.4th at 630; *see also* Petition:20-21 (discussing these principles).

### 1. Butler did not appeal the district court's earlier determination that Young engaged in sanctionable conduct. (Issues No. 2 and 4)

In Issues No. 2 and 4, Petitioners complain that the district court violated the mandate by considering and determining on remand an appropriate sanction moving forward for conduct the district court found sanctionable before the previous appeal. Petition:4-5 (Issues No. 2 and 4). The mandate does not address the district court's earlier determination that Young engaged in sanctionable conduct and does not restrict the district court's inherent power to consider and impose an appropriate sanction on remand.

A decision that conduct is sanctionable, prior to imposition of a sanction, usually is an interlocutory order. *See White v. Apollo Grp.*, 163 F. App'x 255, 257 (5th Cir. 2005). However, when a district court enters final judgment, interlocutory orders "merge into the final judgment and become appealable at that time." *Meadaa*

*v. K.A.P. Enters, L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014); *see also Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023). The district court signed its order determining Young's conduct was sanctionable before entering final judgment. *See* Pet.App.v1.29 (Docs.195-96).

Butler chose not to seek review of this determination in the previous appeal. *See Butler v. Collins*, No. 23-10072, Opening Brief of Plaintiff-Appellant Cheryl Butler at 2-4 (stating issues presented). Thus, the Court did not address or determine, expressly or implicitly, whether the district court properly determined in its discretion that Young engaged in sanctionable conduct. *See Butler*, 2025 WL 1753612, at *1-4. Nor did the Court address the district court's determination that, given the dismissal of all of Butler's claims, it was appropriate not to enter a sanction. *See id.* Consequently, there is no law of the case that binds Butler on remand regarding this issue, but equally there is no mandate restricting the district court's handling of this issue on remand.

"It is difficult to square how…the mandate rule could bar adjudication of an issue that has gone previously unaddressed." *Franklin*, 125 F.4th at 630. The Court's mandate does not preclude the district court from proceeding on its earlier finding of sanctionable conduct or from examining whether permission for Young to appear in this case *pro hac vice* should be revoked given that the litigation will

continue on remand. *See id.* The Court's mandate does not provide any "specific and explicit instructions regarding how to proceed on remand" so as to restrict subsequent proceedings or limit the district court's discretion on these or other case-management issues. *See id.*

Accordingly, there is no basis on which to conclude that the district court "failed to follow the letter and spirit of the Court's mandate" by considering and imposing a sanction based on the earlier sanctionable-conduct finding. *See id.*

**2. The mandate does not address enforcement of Local Civil Rule 83.10 or sealing documents. (Issues No. 2 through 4)**

In Issues No. 2 and 4, Petitioners contend that consideration and revocation of Young's *pro hac vice* admission encompasses the district court's enforcement of Local Civil Rule 83.10 in violation of the mandate. Petition:4-5. In Issue No. 3, Petitioners contend that the district court's order sealing recusal- and sanction-related papers violates the mandate. Petition:5. But the mandate does not address these issues.

Northern District Local Civil Rule 83.10 ("Local Rule 83.10") generally requires retention of local counsel "in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district." N.D. Tex. Loc. Civ. R. 83.10(a). Prior to November 17, 2025, Butler was represented in the district court by three lawyers: (1) Andrew Dunlap; (2) John Green; and (3)

Young. *See* Pet.App.v1.1 (Dunlap and Young), 2 (Green), 78 (November 17, 2025 order granting withdrawal of Dunlap), 114-15 (Young's November 19, 2025 show-cause response confirming "Green remains Butler's counsel"). Of these three, Dunlap is the only lawyer residing or maintaining a principal office in the district. *See* Pet.App.v1.1-2; *see also* Res.App.41 (¶10).

When the district court granted Dunlap's motion to withdraw on remand, the district court noted that "Butler no longer has local counsel." Pet.App.v1.78. The district court ordered Butler to obtain local counsel on or before December 5, 2025. *Id.* The district court did not "charg[e]" Butler with "noncompliance." *Compare id. with* Petition:4. Nor did the district court sanction Butler. *See* Pet.App.v1.31 (Doc.211).

Even if the district court found Butler out of compliance with Local Rule 83.10, the previous appeal did not involve this issue, which arose on remand. *See* Pet.App.v1.78. The Court did not address in its previous opinion the scope of Young's admission *pro hac vice* or whether it encompassed a ruling on his motion for relief from Local Rule 83.10. *See Butler*, 2025 WL 1753612, at *1-4.

Likewise, the Court did not address in the previous appeal any issues regarding sealing. *See id.* Because these issues were not addressed in the previous

appeal, the district court did not violate the letter or spirit of the mandate by addressing them on remand. *See Franklin*, 125 F.4th at 630.

### 3. The mandate did not require the district court to immediately consider recusal *sua sponte*. (Issues No. 1 through 5)

The district court is in the process of considering recusal on remand. *See* Pet.App.v1.72-73, 126-59. Throughout all of their issues, Petitioners complain that the manner in which that consideration is proceeding violates the letter and spirit of the mandate. But the mandate does not prescribe the manner in which the district court should consider recusal on remand.

For example, the mandate does not require the district court to immediately consider recusal *sua sponte*. *See Butler*, 2025 WL 1753612, at *4. No recusal motion was pending on remand. *See* Pet.App.v1.10-30. The mandate did not require the district court to determine recusal without a motion or other means of ascertaining the grounds on which Butler sought relief (as opposed to reassignment by this Court). *See id.*; *Franklin*, 125 F.4th at 630; *see also Liteky v. U.S.*, 510 U.S. 540, 554, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding that recusal standards may differ from reassignment standards). Nor did the mandate require depriving Respondents of their due-process opportunity to be heard on the recusal issue at a meaningful time. *See Butler*, 2025 WL 1753612, at *4; *Franklin*, 125 F.4th at 630; *see also Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (due process

requires meaningful opportunity to be heard). The mandate also did not guarantee that Young would be allowed to continue appearing *pro hac vice* in the district court on remand for purposes of filing and advancing a recusal motion. *See Butler*, 2025 WL 1753612, at *4; *Franklin*, 125 F.4th at 630.

The language in the Court's opinion regarding recusal is less a directive than a carve-out, forestalling a law-of-the-case argument. *See Franklin*, 125 F.4th at 630. Butler's appellate arguments for reassignment overlap with the standard for recusal, requiring recusal from any proceeding in which a judge's impartiality might reasonably be questioned. *See U.S. v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995); *Butler v. Collins*, No. 23-10072, Reply Brief of Plaintiff-Appellant Cheryl Butler at 29 & 32 (citing *Jordan*); *see also* Reply Brief at 31 (arguing that a reasonable person would doubt the district court's impartiality and that avoiding an appearance of impropriety is paramount). Consequently, the Court's decision to decline Butler's request for reassignment could have implied a component determination that no basis for recusal existed. An implicit determination would have foreclosed Butler from seeking recusal on remand. *See Franklin*, 125 F.4th at 630. To avoid that implication, the Court expressly stated that, although it declined to reassign the case, it would "leave to the district court, on remand, to consider whether recusal may be warranted." *See Butler*, 2025 WL 1753612, at *4.

Between August 1, 2025 (when the district court docketed the mandate remanding the case) and November 5, 2025, Butler made no effort to move for or otherwise request recusal so as to place the matter before the district court to consider.[3] *See* Pet.App.v1.30, 64. In its November 5 order, the district court moved the issue—and the case as a whole—forward. Pet.App.v1.64. In conformity with the spirit of the Court's mandate, the district court "construe[d] Butler's filings before the Fifth Circuit as some desire to seek recusal and that Defendants oppose such recusal." Pet.App.v1.72.

To facilitate the district court's ability to "consider whether recusal may be warranted" (*Butler*, 2025 WL 1753612, at *4), the district court ordered Butler to file a motion to recuse on or before November 26, 2025 "[s]hould Butler seek recusal" on remand. Pet.App.v1.72. This deadline afforded Butler 21 days to file a recusal motion, in addition to the 90-plus days since the district court docketed the mandate in which Butler already had time to prepare such a motion. *See id.*

On the November 26, 2025 deadline, Butler filed a motion for recusal and appendix. *Butler v. Collins*, No. 3:18-CV-00037-E, Documents 212-14 (filed Nov. 26, 2025); *see also* Pet.App.v1.126-59; Pet.App.v2.1-211. The schedule for response and

[3] The law should benefit those who are vigilant in exercising their rights, not those who sleep on them. *Ricard v. Williams*, 20 U.S. 59, 116 (1822); *see also Atlanta & St. A.B. Ry. Co. v. Barnes*, 95 F.2d 273, 278 (5th Cir. 1938) (stating equitable maxim in Latin).

reply is ongoing. *See* Pet.App.v1.72-73. Consequently, no determination has yet been made.

The manner in which the district court is considering recusal on remand does not violate the letter or spirit of the Court's mandate.

### C. Even if considered separately from the mandate, the district court's rulings do not meet the standards for mandamus relief.

#### 1. Show-cause order to determine appropriate sanction (Issue No. 2)

Before the previous appeal, the district court issued an order requiring "Plaintiff and her counsel, Ezra Young, to appear in-person for a hearing on January 19, 2023…to show cause as to (i) whether Young violated Federal Rule of Civil Procedure 11; (ii) whether Young violated the standards for attorney conduct adopted in *Dondi*; and (iii) whether Young should [be] sanctioned." Pet.App.v1.59 (footnote omitted). In a footnote, the district court stated that it "does not intend to sanction Plaintiff, individually, at this time." *Id.* n.1. Preceding the order is a memorandum opinion addressing the procedural and factual background, the applicable standards, and the basis for the show-cause order. Pet.App.v1.43-57.

The district court held the show-cause hearing on these three issues on January 19, 2023. Pet.App.v1.60. The court considered Young's written show-cause response as well as testimony and discussions at the hearing. *Id.* The district court found and concluded that Young's conduct was sanctionable, explaining the

basis for its decision. Pet.App.v1.61-62. However, the district court also declined to sanction Young because, "[d]emonstrably, all of Plaintiff's remaining claims have been dismissed with prejudice." Pet.App.v1.62. Although the court declined to impose any sanction on Young at the lawsuit's conclusion in the district court, "the Court cautioned Young "***moving forward***—to reflect the attorney standards promulgated in *Dondi*." *Id.* (emphasis added) (citing Federal Rule of Civil Procedure 11 and *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 286-92 (N.D. Tex. 1988)).

Petitioners argue that the district court was "aware[] of a forthcoming appeal" and imply it should have determined appropriate sanctions based on the hypothetical and abstract possibility that the Court might reverse and remand. *See* Petition:22. The district court was not authorized to base a sanction on future possibilities or to issue an advisory opinion about what an appropriate sanction would be if that possibility occurred. Nor could the district court maintain jurisdiction over the interlocutory order during the pending appeal after it merged into the final judgment.

Petitioners contend that it was too late on remand to set a new sanctions course of action, citing *Tollett v. City of Kemah*, 285 F.3d 357, 366 (5th Cir. 2002). Petition:21-22. But in *Tollett*, the district court had both found the City's conduct sanctionable ***and*** imposed sanctions under Federal Rule of Civil Procedure 37. 285

F.3d at 361. On appeal, the City challenged the order, and the Court reversed as to the sanctions amount only, remanding "for a redetermination and assessment of reasonable attorney's fees and costs…." *Id.* at 364-65.

On remand, the district court stated that it was "insulted" and "angry" about the City's decision to appeal the sanctions amount. *Id.* at 362. The district court mused about whether it should "defy, if necessary, the Fifth Circuit" as a response. *Id.* Then, in defiance of the Court's mandate, the district court changed the basis for the sanctions (inherent power), added more sanctions (awarding penalties in addition to attorneys' fees), and enlarged their applicability (to the City and its counsel). *Id.* at 365-66.

Thus, the district court's order violated the mandate. *Id.* at 365. The Court also held that "***on this record***, and notwithstanding our mandate, it was far too late in the day for the district judge, 'insulted' and 'ang[ered]' because the original sanctions had been appealed, to decide upon a ***new sanctions course of action***." *Id.* at 366 (emphasis added). But unlike *Tollett*:

- Butler did not appeal the district court's earlier sanctionable-conduct determination. *See Butler v. Collins*, No. 23-10072, Opening Brief of Plaintiff-Appellant Cheryl Butler at 2-4 (stating issues presented).
- The Court's opinion did not expressly or implicitly decide the propriety of that determination or how it should apply "moving forward" on remand. *See Butler*, 2025 WL 1753612, at *1-4.

- The district court embraced, rather than defied, the Court's remand for further proceedings and mandate regarding recusal consideration. *See, e.g.*, Pet.App.v1.67-73.

In *Dondi*, the Northern District made clear that "[m]alfeasant counsel can expect…that their conduct will prompt an appropriate response from the court…." 121 F.R.D. at 288. Whereas there may have been no need to impose a sanction when the case had concluded, this Court's remand required the case—and the order permitting Young to appear in the case *pro hac vice*—to continue forward. Under this changed circumstance, which did not exist in *Tollett*, the district court here had discretion to examine what sanctions might be appropriate based on the earlier, unappealed determination that Young engaged in sanctionable conduct. *See* Pet.App.v1.62.

Based on the earlier determination, the district court had inherent power to consider and impose sanctions on remand. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 51, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (regarding inherent power generally). Part of the inherent power to manage its affairs to achieve the orderly and expeditious disposition of cases is a court's ability to sanction conduct that abuses the judicial process. *Matter of Highland Capital Mgmt., L.P.*, 105 F.4th 830, 839 (5th Cir. 2024). Inherent power also includes the ability to disbar a lawyer admitted to practice in the

district for conduct contrary to the expectations of *Dondi*. *In re Ray*, 951 F.3d 650, 653-54 (5th Cir. 2020).

Petitioners have not shown a clear abuse of discretion to justify issuance of a writ. Also, as discussed in the following section, Petitioners have not shown they lack an adequate remedy by appeal or that mandamus relief would be appropriate.

#### 2. Order revoking permission to appear *pro hac vice* (Issue No. 4)

Petitioners challenge the district court's order revoking Young's *pro hac vice* admission on three grounds: (1) Butler has a right to choose her counsel; (2) the district court did not explain the reasons for its decision; and (3) the revocation violated Young's due process rights. Petition:24-32.

First, Butler's right to counsel of her choice is neither unlimited nor absolute. For example, constitutional rights regarding choice of counsel do not preclude creation or application of rules for admission of counsel to practice or be admitted *pro hac vice* in a federal district court. *See U.S. v. Soto*, 566 F. App'x 363, 366 (5th Cir. 2014). If the district court properly determined that revocation of *pro hac vice* admission is an appropriate sanction for Young's sanctionable conduct, Butler's right to choose counsel does not "inescapably trump" that decision. *See id.*

Second, although the district court's November 26, 2025 order did not set forth reasons for its issuance, the district court has since issued a notice setting forth

its rationale. *See* Res.App.46-52. A writ requiring a written order would not be necessary or appropriate where Petitioners now have received a written order. *See Gee*, 941 F.3d at 157.

Third, Petitioners have not shown that a writ of mandamus should issue based on alleged due-process violations.

**a. Petitioners have not shown a clear and indisputable violation of due process.**

Petitioners contend that Young was entitled to "procedural due process which includes notice and an opportunity to be heard…." Petition:26. But Young received both notice and an opportunity to be heard, both in 2022-23 as to the sanctionable conduct and in 2025 as to an appropriate sanction.

Before the previous appeal, the district court issued a show-cause order, supported by a memorandum opinion, requiring Petitioners to appear for a hearing on whether Young violated Rule 11 and *Dondi* standards and, if so, whether he should be sanctioned. Pet.App.v1.59; *see also id.* 43-57. Young was afforded the opportunity to respond and did so. Pet.App.v1.60. The district court held the show-cause hearing. *Id.* After considering Young's response and hearing testimony and argument, the district court found and concluded that Young's conduct was sanctionable, explaining the basis for its decision. Pet.App.v1.60-62. Thus, Young

received notice and an opportunity to be heard regarding the district court's earlier sanctionable-conduct determination.

Because all of Butler's claims had been dismissed, the district court declined to impose a sanction on Young. Pet.App.v1.62. The Court did not address that determination and its mandate did not restrict the district court's discretion to impose sanctions based on that determination on remand. *See* Argument §§I(B)(1), (C)(1)-(2), above.

The circumstance on which the district court initially relied in declining to impose a sanction changed when the Court remanded the state-law tort claims against Respondents for further proceedings in district court. Based on this changed circumstance and the ongoing authority to ensure that counsel appearing in the district court comply with applicable rules, the district court determined a need to consider whether a sanction vacating Young's *pro hac vice* admission was appropriate in response to the earlier sanctionable conduct. Pet.App.v1.74-76. The district court provided notice of this determination and the supporting reasons. *Id.*

Although unnecessary due to the 2023 hearing, the district court also provided Petitioners an additional opportunity to be heard. The district court afforded Petitioners the opportunity to respond to the November 5, 2025 show-cause order,

and Young did so. Pet.App.v1.76, 94. Afterward, the district court vacated the order granting Young's *pro hac vice* permission. Pet.App.v1.31 (Doc.211).

To the extent the district court imposed a sanction based on the earlier sanctionable-conduct finding, Petitioners already had fully briefed those issues and a hearing occurred. *See* Pet.App.v1.42-59, 60-63; Res.App.49-50. To the extent the district court's sanction also found support in Young's response to the show-cause order, the response itself was sufficient without reference to any additional briefing. *See* Pet.App.126-59; Res.App.51. Where sanctionable conduct may be determined from the record, as in a Rule 11 context or in regard to statements made in Young's response, due process does not demand an actual hearing. *See Merriman v. Sec. Ins. Co.*, 100 F.3d 1187, 1192 (5th Cir. 1996). And due process did not require the district court provide a further opportunity to be heard through a subsequent reply.

Even if the district court based sanctions in part on ***additional*** sanctionable conduct expressed in Young's response, and even if a hearing had been required for that additional ground (which it was not), Petitioners have not established that the imposition of the sanction based on the ***earlier*** sanctionable conduct constitutes a clear abuse of discretion. The earlier determination that Young engaged in sanctionable conduct occurred after notice and a hearing. The district court had discretion to consider an appropriate sanction for that earlier sanctionable conduct

moving forward on remand. The district court provided Petitioners notice and an opportunity to be heard on whether revocation of *pro hac vice* permission was an appropriate sanction. The district court determined it was the appropriate sanction for the earlier sanctionable conduct. As a result, Petitioners have not shown a clear and indisputable right to issuance of a writ of mandamus to reverse the sanction.

**b. Petitioners have not established that they cannot obtain an adequate remedy by other means.**

The requirement of showing that Petitioners have no other adequate means to obtain relief is designed to ensure that mandamus proceedings will not become substitutes for regular appeals. *See Cheney*, 542 U.S. at 380-81. An appeal is not an inadequate remedy simply because it entails time and expense that will not be restored. *See Depuy*, 870 F.3d at 353. Instead, the error claimed must be truly irremediable on ordinary appeal. *See id.* at 352-53.

The same standards will apply to review of the district court's revocation decision on appeal after final judgment. *See Depuy*, 870 F.3d at 353. The same remedy—restoration of Butler's counsel of choice to litigate the case on remand—can be afforded in such an appeal. *See id.* That the path to appellate review would entail the time and expense of litigation, or even increased settlement pressure or other dynamics, is insufficient to support issuance of a writ. *See id.* In the meantime,

as Young confirmed in response to the show-cause order, Butler continues to be represented by Green in the district court. Pet.App.v1.114-15.

#### c. Petitioners have not established the propriety of mandamus relief when Butler failed to challenge the sanctions determination in the previous appeal.

It would not be appropriate to address by mandamus the district court's imposition of a sanction based on the earlier sanctionable-conduct determination when Butler bypassed the opportunity to seek review of that determination in the previous appeal. Although the previous appeal could not have supplied an advisory opinion on whether, on remand, revocation of *pro hac vice* permission would be an appropriate sanction, the Court could have addressed whether the district court properly determined that Young engaged in sanctionable conduct. *See Satanic Temple*, 79 F.4th at 514; *Meadaa*, 756 F.3d at 879. And although Butler was not required to challenge the district court's earlier determination in the previous appeal, her choice not to do so left that determination in place to operate on remand. Under these circumstances, Petitioners cannot establish that this is the rare case in which the circumstances support issuance of the extraordinary writ. *See Gee*, 941 F.3d at 157; *Parish*, 81 F.4th at 406.

It also would be inappropriate to issue a writ of mandamus based on alleged due-process violations that were never raised in the district court. Petitioners did

not object in the district court that the procedure set forth in the November 5 show-cause order violated due process. In the November 5 show-cause order, the district court did not order a hearing but instead set a schedule for written submissions. Pet.App.v1.76-77; *see also* Pet.App.v1.59 (2022 show-cause order setting a hearing).

In his November 19 response, Young did not object to the written-submission schedule or lack of hearing setting, nor did he request a hearing. Pet.App.v1.88-118. Young also did not contend that the mandate precluded a sanction based on the earlier sanctionable-conduct determination. *See id.* On the contrary, Young requested that the district court either: (1) abate determination of an appropriate sanction until it determined whether recusal was necessary; or (2) "not sanction him" because no legal grounds supported revocation and doing so would deprive Butler of her chosen counsel. Pet.App.v1.116-17. It would be inappropriate to issue a writ of mandamus on grounds that the district court never had an opportunity to consider.

### 3. Enforcement of Local Rule 83.10 (Issues No. 2 and 4)

It is unclear whether Young was excused from Local Rule 83.10. He filed two documents in connection with his appearance in this case: (1) an Application for Admission Pro Hac Vice; and (2) a Motion for Relief from Local Rule 83.10. Res.App.34-38, 39-43; *see also* Pet.App.v1.23 (Doc. 133). The district court's

electronic order "granting 133 Application for Admission Pro Hac Vice of Ezra I. Young" did not reference the Motion for Relief. Pet.App.v1.23 (Doc. 136). An offhand exchange at a hearing before the previous appeal indicates the district court may have excused Young from the local-counsel requirement. Pet.App.v1.87. But the district court later clarified that its "electronic order only granted admission for Ezra Young to proceed pro hac vice." Res.App.51.

This record does not support a conclusion that the district court clearly and indisputably excused Young from the local-counsel requirement. Accordingly, Petitioners have not established a clear abuse of discretion in the district court's finding that, upon Dunlap's withdrawal, Butler is without local counsel and must retain local counsel under Local Civil Rule 83.10.

Even if the district court had excused Young from the local-counsel requirement, there is no contention (or supporting record) that the district court also excused ***Green*** from the local-counsel requirement. Because Green also represented Butler on November 17, 2025 when the district court granted Dunlap's withdrawal (Pet.App.v1.2, 114-15), there is no clear abuse of discretion in finding that Butler was required to retain local counsel to comply with Local Rule 83.10.

Finally, even if the district court had excused Young from the local-counsel requirement, that excuse no longer applied after the district court revoked Young's

*pro hac vice* admission. Accordingly, even if the district court had abused its discretion in ordering Butler to retain local counsel on November 17, 2025, the record supported that requirement after November 26, 2025. Petitioners do not assert that Butler was unable to retain local counsel in the time period between November 26, 2025 and December 5, 2025, or in the days that have followed. The Rule 83.10 issue does not support a finding that a writ of mandamus is needed or appropriate. *See Gee*, 941 F.3d at 157.

#### 4. The sealing order (Issue No. 3)

Petitioners contend that the district court erred in sealing recusal- and sanctions-related papers not because they fall short of the sealing standard, but because the district court failed to employ the proper procedures. Petition:23. Petitioners contend that the Court should correct this error by mandamus because of the important public interest "in transparent court proceedings" that "provide the public with a more complete understanding of the judicial system…." Petition:23-24.

Petitioners accomplished their goal of making the sealed papers public by filing them publicly in this Court. *See* Pet.App.v1.88-118 (Young's response to show-cause order, filed under seal below), 119-22 (Respondents' response to Young's response, filed under seal below), 126-59 (Butler's motion to recuse, filed under seal below);

Pet.App.v2.1-211 (Butler's appendix to motion to recuse, filed under seal below). The Court offers a procedure to file documents under temporary seal. Petitioners chose not to avail themselves of that procedure.

Although mandamus is a legal remedy, its issuance is largely controlled by equitable principles, and the petition's determination proceeds on equitable grounds. *Laycock v. Hidalgo Cnty. Water Ctrl. & Imp. Dist. No. 12*, 142 F.2d 789, 791 (5th Cir. 1944). It is "[d]esigned to remedy a wrong, not promote one" and "where it would work injustice and not justice," the writ will not issue. *Id.* It would be inappropriate and unjust to issue a writ of mandamus compelling the district court to unseal documents where Petitioners have used the mandamus proceeding to publicly file the sealed documents. Issuing a writ also would encourage others to follow the same practice.

In addition, the Court should deny the requested writ because Petitioners have other adequate means to attain review of the sealing orders. The Court has held that sealing orders "are reviewable on interlocutory appeal as exceptions to the final judgment rule under the collateral order doctrine." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 447-48 (5th Cir. 2019); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (cited at Petition:23-24).

Because the sealing orders may be challenged by interlocutory appeal, Petitioners are not entitled to a writ of mandamus. *See Gee*, 941 F.3d at 158.

## II. Petitioners have not shown a basis in this proceeding for an order reassigning the case or prescribing the manner in which the district court should consider recusal on remand. (Issue No. 5)

In the previous appeal, Butler requested reassignment on remand based on assertions that the district court "acted inappropriately and was otherwise incapable of acting neutrally in these proceedings." *Butler*, 2025 WL 1753612, at *3. The Court declined to do so. *Id.* at *4.

Petitioners again ask the Court to reassign the case to another district judge on remand or, alternatively, order Judge Brown to stay all deadlines and immediately determine, in an unsealed written opinion, whether her recusal is required. Petition:4-5; *see also id.* 21 (discussing recusal), 35-38 (discussing reassignment). Petitioners have not established a basis to support either request. Because Petitioners rely in part on the district court's handling of the recusal issue to justify reassignment (Petition:35-36), Respondents address that issue first below.

### A. Petitioners have not established a right to an order restricting the manner in which the district court is considering and deciding the recusal issue on remand.

Petitioners have not established the existence of deadlines that require a stay while the district court considers and determines Butler's motion to recuse. On the request of Butler's current trial counsel, the district court stayed the deadline for the

parties to submit a joint status report until 10 business days after the Court determines the mandamus petition. Res.App.53-55. This ruling defeats the unsupported assertion of the "inevitability of Judge Brown further retaliating against Professor Butler" as Petitioners contend (Petition:16). No other deadlines or motions are currently pending in the district court. *See* Pet.App.v1.30-31 (reflecting filings and orders disposing of matters addressed in November 5 order), 67-77 (November 5 order).

Should Butler's current trial counsel desire an extension of the reply deadline pending this mandamus proceeding's outcome, Respondents would not oppose that request.[4] Or Butler may prefer to move expeditiously toward a recusal decision. But to the extent this mandamus proceeding prolongs the process of considering recusal on remand, that additional time should be ascribed to Petitioners, not the district court.

To the extent Petitioners request the Court to anticipate acts or omissions by the district court that have not occurred, those requests "stretch[] mandamus far beyond its proper limits." *See Morrow v. Meehan*, 258 F. App'x 492, 494 n.4 (3d Cir. 2007). It cannot be said that Petitioners lack an adequate remedy when the district

[4] Although the November 5 order states that the district court "shall not grant any extensions of any kind to any Party as to this anticipated recusal-related briefing" (Pet.App.v1.73), this mandamus proceeding represents a change in circumstance. It would be speculative to hypothesize about any future ruling on an extension request that has not yet been made.

court has not yet decided the motion to recuse and has stayed the only other pending deadline at Butler's request. Nor can it be said that the district court's ruling on the motion to recuse constitutes a clear abuse of discretion when the ruling does not yet exist. A federal court has no power to render advisory opinions based on hypothetical or abstract facts. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.3d.2d 272 (1975); *Franchise Servs.*, 891 F.3d at 205 .

### B. Petitioners have not established a right to reassignment.

Petitioners request reassignment of the case on remand based on the assertion that the district court "failed to appropriately confront grounds requiring her recusal before and after the prior appeal," such that "stronger medicine is necessary." Petition:36. This assertion is not supported by the record.

The Court already reviewed Butler's contentions regarding pre-appeal events found them insufficient to reassign the case. *Butler*, 2025 WL 1753612, at *4. Nor did the Court direct the district court to grant recusal on remand. *See id.* Indeed, Butler had not moved to recuse Judge Brown before the prior appeal. *See* Pet.App.v1.10-29. The record does not support a conclusion that the district court failed to appropriately confront any alleged grounds requiring recusal before the prior appeal.

On remand, the district court has followed the Court's mandate to consider whether recusal may be warranted. *See* Argument §I(B)(1), (C)(1)-(2). The record does not support a conclusion that the district court has failed to appropriately confront the recusal grounds Butler alleged after the prior appeal.

Far from being "directly on point" (Petition:36), the record in *DaimlerChrysler II*—in which the Court reassigned a case on remand from a mandamus proceeding—is distinguishable in critical ways. *In re DaimlerChrysler Corp.* ("*DaimlerChrysler II*"), 294 F.3d 697, 699 (5th Cir. 2002). The district court's remand directly conflicted with the Court's prior mandamus order requiring the recall of orders remanding five identical cases. *See id.* at 700. Moreover, the district court's grant of sanctions directly conflicted with the Court's prior mandamus order vacating sanctions. *Id.*

Finally, in responding to the mandamus petitions in *DaimlerChrysler II*, the district court made statements evidencing both a loss of impartiality and an inability to regain it. *Id.* at 701 & n.1. For example, the district court viewed the defendants as "torquing the law beyond recognition," employing a "manipulative and craven approach to litigation," filing "innumerable baseless appeals," and seeking "to coerce every federal judge in this county into kowtowing to their demands." *Id.* These and additional statements, combined with the refusal to follow the earlier

mandamus opinion, convinced the Court that the district court had lost and could not regain impartiality. *Id.* at 701.

Granting reassignment at this juncture would undermine, not uphold, the Court's mandate affording the district court an opportunity on remand to consider whether recusal may be warranted. *See Butler*, 2025 WL 1753612, at *4. Petitioners ask the Court to short-circuit the ongoing process and decide the recusal issue in this mandamus proceeding. *See* Petition:35-36 (urging the Court to reassign the case because the grounds set forth in Butler's November 26, 2025 recusal motion "all strongly weigh in favor of recusal"). The Court should refuse this request.

## CONCLUSION

The Court should deny the Petition.

Dated: December 17, 2025

Respectfully submitted,

*/s/ Kirsten M. Castañeda*

Kirsten M. Castañeda
Texas Bar No. 00792401
kcastaneda@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
8144 Walnut Hill Lane, Suite 1000
Dallas, Texas 75231
Telephone: 214-369-2358
Telecopier: 214-369-2359

Robin G. Shaughnessy
Texas Bar No. 24012713
robin.shaughnessy@troutman.com
Aaron S. Nava
Texas Bar No. 24134375
aaron.nava@troutman.com
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2025, this document was served in compliance with the Federal Rules of Appellate Procedure and the local rules of this Court, by filing this document with the Court's CM/ECF system which served the document on all parties to this proceeding electronically through their respective counsel of record.

I further certify that a true and correct copy of this document will be delivered by Federal Express to the Honorable Ada Brown, U.S. District Judge, at United States District Court, 1100 Commerce Street, Room 1452, Dallas, Texas 75242.

Dated: December 17, 2025

*/s/Kirsten M. Castañeda*
Kirsten M. Castañeda
Attorney for Respondents

## CERTIFICATE OF COMPLIANCE

On December 17, 2025, I hereby certify that:

(1) this response complies with the applicable type-volume limitations in FED. R. APP. P. 21(d), 32(a), and 32(c)(2) because this response contains 7,781 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and 5TH CIR. R. 32.2;

(2) this response complies with the typeface and type style requirements of FED. R. APP. P. 32(a)(5) and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity A font (with 12-point Equity A font in any footnotes per 5TH CIR. R. 32.1);

(3) this response complies with the redaction requirements of 5TH CIR. R. 25.2.13; and

(4) the electronic form of this response has been scanned for viruses with a commercial virus-scanning program (Sophos Endpoint Security and Control AntiVirus) and is free of viruses.

*/s/ Kirsten M. Castañeda*
Kirsten M. Castañeda
Counsel for Respondents